Mr. Justice Huger
delivered the opinion of the Court.
It is difficult to foresee all the consequences .which might result from permitting a party, after judgnient and execution, to set aside the proceedings against him, on the ground of negligence or ignorance of his attorney. It would very'much tend to destroy all the rules of pleadings and produce endless litigation. It is not among the smallest difficulties, that such a rule would present, to ascertain, the truth of the charge against the attorney. The affidavit of the party injured would not be regarded as conclusive evidence of the misconduct of his attorney; and even the admission of the attornev himself could not be receiy- *118 cd without opening the door to endless fraud and impost-ticm on the opposite party in the record. If the defendant' has suffered from the negligence or ignorance of Ms attorney, he has a right of action against him ; and to this he ought to he confined.
On this ground, therefore, the judgment ought not to have been set aside.
If the irregularity complained of can avail any thing, it must go to the destruction of the proceedings altogether — . The order made does not cure them, it only gives further time to the garnishee to make his return. Should the garnishee therefore now fail to make a return, or making a return fail to establish it, and judgment be again entered up, the same irregularity would still exist; the affidavit and notice- would still be wanting, and such judgment therefore might be set aside, if the irregularity complained of be sufficient to authorize such an order. The order made in this case is professedly bottomed on the negligence of the defendant’s attorney. It could not therefore be contended that it cured the irregularities in the plaintiff’s proceedings. The further time asked for making a return, was not granted on any condition. It becomes necessary then to inquire- if the garnishee can avail himself of the irregularities stated ? The object of the attachment act, is to force the defendant into Court. For this purpose his property is attached. If he come in, he may dissolve the attachment. If he do not come in, the property attached is responsible for the debt due to the plaintiff. If the property attached be in the hands of any person, he is required to make a return thereof into Court by a particular day; ■or if no person be present when the goods are attached, the sheriff is required to give public notice of his having taken them, and to have them inventoried and appraised And on filing his declaration, the plaintiff is entitled to the possession of the goods, if he enter a recognizance with security to prosecute his claim, and to return any surplus that may remain after the payment of his debt, &c. As a eeeursty to the absent debtor, the plaintiff is required ic; *119 isake oath to the debt or sum demanded. The oath is hot required to be recorded or filed ; it is only a part o£ the evidence on which the Courtis to bottom its judgment. The plaintiff is also required, for the same reason, if the defendant .have no wife or attorney on whom a copy of the declaration can be served, to give notice once in every three-months within a year and a day from the filing of the declaration. If the absent debtor do not then appear, the plaintiff proved his debt and judgment is'awarded against the absent debtor. His goods so attached are sold to satisfy the plaintiff’s debt. So far the proceedings arc certainly against the absent debtor. The garnishee is no more a party to the proceedings than the sheriff, I£ the first make a return, and no objection be made by the plaintiff, the goods attached are in the custody of the law, as much so as they are when taken by the sheriff. When the sheriff is ruled to shew cause why he does not deliver up the goods, taken by him, to the plaintiff, he has the same right to look into the proceedings against the absent debtor as the garnishee. Both of them are bound to yield obedience to the mandate of the Court, without reference to anterior proceedings. If the garnishee however do not comply with the requisition of the act and make a return, he is made responsible to the amount of the debt proved against the absent debtor; that is, be is presumed by the act to be in possession of goods belonging to the absent debtor to the full amount of the demand, and judgment is awarded against him. If in fact he have goods to this amount, he is only a stake holder, and it must be immaterial to him to whom they are delivered, provided he has a legal discharge. And his compliance with the judgment of the Court will be such a discharge. If he have no goods or goods to a less amount than the demand of the plaintiff, it is bis own fault, and must suffer for his negligence. If any contest arise on bis return to the attachment, he then becomes interested, and is a party to that contest, but no further. Should the proceedings tben in this case have been irregular,-as the garnishee is no party to them, he had *120 sio right to question them, and an order to set them aside on his motion would have been improper.
The motion then in this case must be granted, and the order made in the Circuit Court set aside.
Justices' Nott and Gantt, concurred.
Justice Richardson dissented.